**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:21-cv-62564-XXXX

**DEVDATTA BHOGTE**,
*individually and on behalf of
those similarly situated,*

    Plaintiff,

v.

**PHOENIX MANAGEMENT SERVICES, INC.**,
and **MAJESTIC GARDENS CONDOMINIUM
C ASSOCIATION, INC**,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Devdatta Bhogte ("Plaintiff"), individually and on behalf of those similarly situated, sues Defendant Phoenix Management Services, Inc., LLC and Majestic Gardens Condominium C Association, Inc. (collectively, the "Defendants") for violating the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant Phoenix Management Services, Inc. ("Defendant-DC") is a Florida corporation, with its principal place of business located in Lauderdale Lakes, Florida.

6. Defendant Majestic Gardens Condominium C Association, Inc, ("Defendant-Creditor") is a Florida corporation, with its principal place of business located in Lauderhill, Florida.

7. At all times material, Defendant-DC was acting as a debt collector on behalf of Defendant-Creditor with respect to the collection of debts allegedly owed by Plaintiff.

8. At all times material, Defendant-Creditor

## DEMAND FOR JURY TRIAL

9. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

10. On a date better known by Defendants, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

11. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a voluntary transaction between the creditor of the Consumer Debt, Defendant-Creditor, and Plaintiff involving the provision of maintenance and upkeep services (the "Subject Service") for and involving Plaintiff's residence, located at 4045 Northwest 16th Street, Unit 306, Lauderhill, Florida 33313.

12. The Subject Service was primarily for personal, family, or household purposes.

13. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

14.

15. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

16. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

17. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18. Defendant-DC is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

19. Defendant-DC is required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect, or otherwise attempt to collect, the Consumer debt from Plaintiff.

20. Defendant-DC is a debt collector governed by the FDCPA.

21. Defendant-DC is not registered with the Florida Office of Financial Regulation as "Consumer Collection Agency."

22. Defendant-DC has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

23. Defendant-DC does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Defendant-DC cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

25. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

26. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

27. On a date better known by Defendants, Defendant-DC sent a collection letter, to Plaintiff in an attempt to collect the Consumer Debt (the "Collection Letter"). Attached as Exhibit "A" is a copy of the Collection Letter.

28. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

29. The Collection Letter is a communication from Defendant-DC to Plaintiff in an attempt to collect the Consumer Debt.

30. The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

31. Defendant-DC did not disclose in the Collection Letter that it (Defendant-DC) is a debt collector.

32. Defendant-DC did not disclose in the Collection Letter that it (Defendant-DC) is attempting to collect a debt.

33. Defendant-DC did not disclose in the Collection Letter that any information obtained will be used for debt collection purposes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34. Defendant-DC did not provide the disclosures and/or information required by § 1692g(a)(3)-(5) of the FDCPA within Collection Letter #1 or otherwise within five days thereof.

35. Defendant-DC did not provide Plaintiff with the information and/or disclosures required by § 1692g(a)(3)-(5) of the FDCPA.

36. Defendant-DC did not provide Plaintiff with the information and/or disclosures required by § 1692e(11) of the FDCPA.

37. The Collection Letter demand payment from Plaintiff in the amount of $1,000.00.

38. Defendant-DC's collection activities, *i.e.*, the Collection Letter it (Defendant-DC) sent to Plaintiff in an attempt to collect the Consumer Debt, constitutes a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785

39. Plaintiff disputes the validity of the Consumer Debt.

40. Plaintiff would have disputed the Consumer Debt and requested validation of the Consumer Debt in accordance with the FDCPA if Defendant-DC provided Plaintiff with the disclosures required by § 1692g(a)(3)-(5); however, Defendant-DC failed to provide such disclosures to Plaintiff, and as a result, Plaintiff was not afforded the opportunity to dispute the Consumer Debt or request validation of the Consumer Debt.

41. In the Collection Letter, Defendant-DC states the Consumer Debt "must be paid in full within thirty (30) days of the date of this letter."

42. In the Collection Letter, Defendant-DC states "[f]ailure to remit payment may result in your account being turned over to the Association attorney for collection. Please note you will be responsible for all costs incurred including but not limited to, legal fees and court costs."

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43. Given the intense language used by Defendant-DC in the Collection Letter, the harm suffered by Plaintiff due to Defendant-DC's failure to provide the disclosures commanded by § 1692g(a)(3)-(5) is compounded.

44. In the Collection Letter, Defendant-DC threatens that "[f]ailure to remit payment may result in your account being turned over to the Association attorney for collection."

45. Because Defendant-DC did not provide Plaintiff with the disclosures required by § 1692g(a)(3)-(5), Defendant-DC caused Plaintiff to believe that Plaintiff's only option was to pay the entire amount sought by Defendant-DC "within thirty (30) days of the date of this letter" otherwise the Consumer Debt was to be turned over to Defendant-Creditor's attorney for collection. Such wrongful tactics could have been rebuffed by a dispute and/or validation request under the FDCPA. Defendant-DC, however, wrongfully omitted the disclosures *commanded* by § 1692g(a)(3)-(5), and as a result, Plaintiff was prevented from exercising Plaintiff's right and/or ability to dispute the Consumer Debt valid.

## CLASS ALLEGATIONS

### PROPOSED CLASS

46. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is comprised of four (4) classes (collectively, the "Classes"): the "**Collection License Class**," the "**Mini-Miranda Class**," the "**G-Notice Class**," and the "**FCCPA Class**."

47. The "**Collection License Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] while Defendant-DC was not lawfully licensed as a "Consumer Collection Agency" with the Florida Department of State [5] during the twelve months preceding the filing of this Class Action Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. The "**Mini-Miranda Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-DC failed to provide the disclosures required § 1692e(11) of the FDCPA [5] during the twelve months preceding the filing of this Class Action Complaint.

49. The "**G-Notice Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-DC failed adequately disclose the information required by § 1692g(a)(3)-(5) of the FDCPA [5] during the twelve months preceding the filing of this Class Action Complaint.

50. The "**FCCPA Class**" consists of [1] all persons with Florida addresses [2] that received a letter in an attempt to collect a debt [3] from Defendant-DC [4] wherein Defendant-DC demanded payment on behalf of Defendant-Creditor [5] during the twelve months preceding the filing of this Class Action Complaint.

51. Defendants and their employees or agents are excluded from the Classes.

52. Plaintiff does not know the number of members in the Classes but believes the members of each of the Classes to be several thousand if not more.

### NUMEROSITY

53. Upon information and belief, Defendant-DC has sent thousands of debt collection letters to thousands of consumers throughout Florida which violate § 1692e(11), § 1692g(a)(3)-(5), and § 1692e(2)(A) of the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

54. The exact number and identities of the Classes' members are unknown at this time and can be ascertained only through discovery. Identification of the Classes' members is a matter capable of ministerial determination from Defendant-DC's records.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### COMMON QUESTIONS OF LAW AND FACT

55. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are: [1] whether Defendant-DC sent a letter to Plaintiff and members of the Classes in an attempt to collect a debt; [2] whether Defendant-DC is a debt collector under the FDCPA; [3] whether Defendant-DC's conduct was knowing and willful; [4] whether Defendant-DC is liable for damages, and the amount of such damages.

56. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant-DC routinely sends debt collection letters to consumers without including the necessary disclosure required by the FDCPA is accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

57. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

by members of the Classes are in the millions of dollars, albeit limited to $500,000 or 1% of Defendant-DC's net worth, the individual damages incurred by each member of the Classes resulting from Defendant-DC's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant-DC from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(against Defendant-DC)

61.     Plaintiff, individually and on behalf of the Collection License Class, incorporates by reference paragraphs 10-60 of this Class Action Complaint as though fully stated herein.

62.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. § 1692e(2)(A). (emphasis added).

63.     Here, Defendant-DC sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant-DC engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant-DC was not

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

64. Defendant-DC's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

65. WHEREFORE, Plaintiff, individually and on behalf of the Collection License Class, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF 15 U.S.C. § 1692e(11)
(against Defendant-DC)

66. Plaintiff, individually and on behalf of the Mini-Miranda Class, incorporates by reference paragraphs 10-60 of this Class Action Complaint as though fully stated herein.

67. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: *"[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information*

PAGE | **10** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*" 15 U.S.C. § 1692e(11) (emphasis added).

68. Here, Defendant-DC sent the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter, however, did Defendant-DC disclose to Plaintiff **[1]** that Defendant-DC is a debt collector; **[2]** that Defendant-DC is attempting to collect a debt; and/or **[3]** that any information obtained will be used for debt collection purposes. Because Defendant-DC failed to disclose such information to Plaintiff in the Collection Letter, Defendant-DC violated § 169e(11) of the FDCPA.

69. WHEREFORE, Plaintiff, individually and on behalf of the Mini-Miranda Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)
(against Defendant-DC)

70. Plaintiff, individually and on behalf of the G-Notice Class, incorporates by reference paragraphs 10-60 of this Class Action Complaint as though fully stated herein.

71. Here, the Collection Letter was a communication Plaintiff received from Defendant-DC in connection with the collection of a Consumer Debt. The Collection Letter, however, did not contain the information explicitly required by § 1692g(a)(3)-(5) and Plaintiff was not notified of said omitted disclosures within five (5) days of receiving the Collection Letter.

72. As set forth above, Plaintiff, in fact, disputes the validity of the Consumer Debt, but Defendant-DC failed to notify Plaintiff of Plaintiff's right and/or ability to dispute the Consumer Debt under the FDCPA. Plaintiff would have disputed, and otherwise requested validation of, the Consumer Debt in accordance with the rights afforded to Plaintiff under the FDCPA had Defendant-DC provided Plaintiff with the disclosures and/or information required by § 1692g(a)(3)-(5). Because Defendant-DC failed to provide such disclosures and/or information to Plaintiff, Plaintiff was unable to invoke Plaintiff's right to dispute and request validation of Consumer Debt.

73. Defendant-DC violated § 1692g(a) of the FDCPA by failing to notify Plaintiff of the information and/or rights § 1692g(a)(3)-(5) requires Defendant-DC to adequately disclose to Plaintiff, if not during Defendant-DC's initial communication with Plaintiff (*i.e.*, the Collection Letter), then in *in writing* within five (5) days thereof.

74. WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(a) Any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Defendant-DC and Defendant-Creditor*)

75. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 10-60 of this Class Action Complaint as though fully stated herein.

76. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

77. Defendant-DC knew it did not have any statutory or contractual right to demand payment of the Consumer Debt from Plaintiff "in full within thirty (30) days of the date" of the Collection Letter.

78. Defendant-DC violated Fla. Stat. § 559.72(9) by falsely asserting and representing to the least sophisticated consumer in the Collection Letter that the Consumer Debt "must be paid in full within thirty (30) days of the date of this letter" because, in so doing, Defendant-DC was asserting a legal right that it (Defendant-DC) knew did not exist.

79. At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

80. Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

81. As such, the above-mentioned violation of § 559.72(9) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

PAGE | **13** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

82. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

   (a) Statutory damages as provided under Fla. Stat. § 559.77(2);

   (b) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

   (c) Any other relief that this Court deems appropriate under the circumstances.

Dated: December 26, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **14** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com