UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62564-BLOOM/Valle

DEVDATTA BHOGTE, *individually and
on behalf of those similarly situated*,

    Plaintiff,

v.

PHOENIX MANAGEMENT SERVICES,
INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AND EXTEND TIME TO REQUEST FOR DEFAULT

**THIS CAUSE** is before the Court upon Plaintiff Devdatta Bhogte's ("Plaintiff") Motion to Reopen Case and Extend Time to Request for Default, ECF No. [18] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff filed this action on December 26, 2022 against Phoenix Management Services, Inc. and Majestic Gardens Condominium C Association, Inc. alleging violations of the Fair Debt Collection Practices Act and Florida Consumer Practices Act. ECF No. [1].[1] A summons was issued as to Defendant Phoenix Management Services, Inc. ("Defendant") on December 27, 2021. ECF No. [4]. Service of the summons and Complaint was executed on Defendant on January 6, 2022, setting a response deadline of January 27, 2022. ECF No. [13]; *see also* ECF No. [14]. On

---

[1] On January 25, 2022, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice of Defendant Majestic Gardens Condominium C Association, Inc.. ECF No. [9]. On January 27, 2022, the Court entered an order dismissing Majestic Gardens Condominium C Association, Inc. from the action without prejudice. *See* ECF No. [10].

February 1, 2022, Defendant had not filed an answer or otherwise responded to the Complaint, which prompted the Court to enter an Order on Default Procedures. ECF No. [16]. The Order on Default Procedures directed Defendant to file a response to the Complaint by February 8, 2022. *Id.* at 1-2. If Defendant failed to file any response to the Complaint, Plaintiff was directed to file a Motion for Entry of Clerk's Default no later than February 15, 2022. *Id.* at 1-2. The Order further cautioned that "Plaintiff's failure to file a Motion for Entry of Clerk's Default within the specified time may result in dismissal without prejudice and without further notice as to the Defendant." *Id.* at 2. Plaintiff failed to file a Motion for Entry of Clerk's Default and on February 16, 2022, the Court entered an Order of Dismissal without Prejudice ("Order of Dismissal"). ECF No. [17]. On March 24, 2022, Plaintiff filed the Motion seeking to reopen the case stating that "[d]ue to an inadvertent error, Plaintiff failed to correctly calendar the deadline to serve the Defendant with the Order on Default Procedures and file a Motion for Entry of Clerk's Default and did not comply with the Order on Default Procedures." ECF No. [18] at 2. While Plaintiff does not provide a specific legal basis for the Motion, the Court considers his Motion as a request to reopen the case pursuant to excusable neglect as a result of his inadvertent calendaring error.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) states that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." Fed. R. Civ. P. 60(b)(1). The motion seeking this relief must be made within one year of the judgment. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). "The determination of what constitutes excusable neglect is an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Courts consider the four factors set out by the United States

Supreme Court in *Pioneer Investment Services Co.*, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 743-44 (11th Cir. 2017) (quoting *Pioneer*, 507 U.S. at 395); *see also Sream, Inc. v. Ecstasy Fashion II, Inc.*, No. 18-cv-61216, 2018 WL 10374693, at *1 (S.D. Fla. Sept. 19, 2018). Ultimately, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

### III. ANALYSIS

Taking into account the totality of the circumstances surrounding Plaintiff's failure to comply with the deadline to file a Motion for Entry of Clerk's Default, the Court finds that Plaintiff's requested relief is based upon excusable neglect. First, there is no danger of prejudice to Defendant because Defendant has yet to appear in or respond to this action. Second, any delay in the proceedings is minimal as Plaintiff filed the Motion 36 days after the entry of the Court's Order of Dismissal. *See* ECF Nos. [17], [18]. The relief sought is timely under Rule 60(b) because the Motion was filed within a year of entry of the Court's Order of Dismissal. Further, any delay or impact on the proceedings caused by reopening this case will be minimal as the Court is only granting Plaintiff a short period to file a Motion for Entry of Clerk's Default. Although the Court finds that the third factor weighs against a finding of excusable neglect because it was within reasonable control of Plaintiff to timely file a Motion for Entry of Clerk's Default, the Court finds that fourth factor tips in Plaintiff's favor because Plaintiff's failure to correctly calendar the deadline and to comply with the deadline to file a Motion for Entry of Clerk's Default was based

Case No. 21-cv-62564-BLOOM/Valle

upon an inadvertent error made in good faith. On balance, the *Pioneer Investment Services Co.* factors weigh in favor of a finding of excusable neglect based on the totality of the circumstances. *See* 507 U.S. at 395. As such, the Court finds that there is excusable neglect that supports reopening of this case.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [18]**, is **GRANTED**;
2. The Clerk shall **REOPEN** this case;
3. Plaintiff shall submit a Motion for Entry of Clerk's Default with respect to Defendant no later than **May 16, 2022**, that includes the certificate of service indicating that notice of this Order was sent to Defendant, including the address or addresses to which it was sent. Plaintiff's failure to file a Motion for Entry of Clerk's Default within the specified time will result in **dismissal** without prejudice.
4. Plaintiff is directed to serve a copy of this Order upon Defendant.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 9, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record