**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-62564-BLOOM/Valle**

DEVDATTA BHOGTE, *individually and
on behalf of those similarly situated*,

    Plaintiff,

v.

PHOENIX MANAGEMENT SERVICES,
INC.,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff David Bhogte's ("Plaintiff") Motion for Default Judgment. ECF No. [24] ("Motion"). Plaintiff filed the instant action on December 26, 2021. ECF No. [1]. A summons was issued as to Defendant Phoenix Management Services, Inc. ("Defendant") on December 27, 2021, ECF No. [4], and service of the summons and Complaint was executed on Defendant on January 6, 2022, setting a response deadline of **January 27, 2022**. ECF No. [13]; *see also* ECF No. [14]. After Defendant failed to timely answer or otherwise respond to the Complaint, the Clerk of Court entered Default, ECF No. [22], and the instant Motion followed. The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part without prejudice.

If a defendant fails to plead or otherwise defend a complaint filed against it, the Clerk of Court may enter a default against that party. *See* Fed. R. Civ. P. 55(a). Once a default is entered, a plaintiff may seek entry of a default judgment against the defaulting defendant. *See* Fed. R. Civ.

P. 55(b). This Circuit maintains a "strong policy of determining cases on their merits and [] therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the plaintiff is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, although facts are admitted as true, conclusions of law are not; a sufficient basis to state a claim must still exist in the pleadings before a court may enter a default judgment. *Nishimatsu Const. Co., Ltd.*, 515 F.2d at 1206. Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

It is worth noting at the outset that Plaintiff here has failed to set forth any basis for entitlement to default judgment or any argument as to why the Complaint sufficiently states a claim. Instead, the Motion briefly recounts the procedural history in this case and requests statutory damages, attorneys' fees, and costs. ECF No. [24].[2] As discussed above, "Plaintiff[] [is] not

---

[2] "Plaintiff is reminded that although an award of attorney's fees is a possible consequence of the entry of a default judgment, it should not be the sole focus of the motion. Even when a default has been entered, Plaintiff must establish proper grounds for a default judgment by showing that the Complaint adequately establishes subject matter jurisdiction over this action and sufficiently states a claim for relief against Defendants as to each count for which a default judgment is sought. Only after Plaintiff has made this

entitled to the entry of a default judgment merely because Defendants . . . have failed to answer and a default has been entered against them." *Simmons v. Morse*, No. 6:09-CV-1758-ORL-31KRS, 2010 WL 11626587, at *1 (M.D. Fla. Sept. 23, 2010) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, "Plaintiffs must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that Defendants are liable for the alleged violations." *Id.*

> To satisfy this burden, Plaintiff[] must support the[] motion for entry of a default judgment with a legal memorandum containing the elements of each claim and supporting authority that the facts pleaded in the complaint (but not the conclusions of law contained therein) are sufficient to establish each element of each claim against Defendants. *See, e.g.*, *Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1481 (N.D. Ga. 1997). In addition, the memorandum should include cites to docket numbers, pages and paragraphs of the complaint, exhibits and affidavits which support Plaintiff['s] contentions.
>
> If liability is established, Plaintiff[] should also submit evidence in support of their claims for damages and interest, with supporting legal authority stating that those damages are, in fact, recoverable under the causes of action alleged. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (holding that by failing to appear and answer the complaint, a defendant does not admit that any damages are owed to the plaintiff).

*Id.* (footnote omitted).

"Thus, when seeking a default judgment, a plaintiff should provide the Court with points and authorities containing citations to authority showing that the Plaintiff's claim or claims include allegations of all the necessary elements required for entitlement to relief." *Johnson v. Cate*, No. 1:09-CV-00502-OWW-SMS, 2009 WL 2151370, at *2 (E.D. Cal. July 17, 2009). Likewise, "it is the Plaintiff's burden to demonstrate, in a motion for default judgment, that its pleading's factual allegations are legally sufficient to establish one or more of its claims and to entitle it to the specific relief requested." *United States v. IPS Orlando, LLC*, No. 6:16-CV-2196-ORL-18GJK, 2017 WL

---

showing will the Court address the issues of damages and attorney's fees and costs." *Jenkins v. Santiago*, No. 3:11-CV-1082-J-34JBT, 2012 WL 3242354, at *3 (M.D. Fla. Aug. 8, 2012).

9834351, at *2 (M.D. Fla. Apr. 25, 2017). Plaintiff's Motion fails to meet this burden, and this inadequacy is reason enough to deny the requested relief. Nevertheless, the Court will address the merits of the Motion below.

Plaintiff's complaint alleges that Defendant engaged in conduct in violation of numerous provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*,[3] and of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*[4] *See generally* ECF No. [1]. To establish a violation of the FDCPA, a plaintiff must prove: (1) she has been the object of collection activity arising out of consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016) (citations omitted). Further, the FCCPA is modeled after the FDCPA and prohibits similar conduct by debt collectors. Among other things, the FCCPA

---

[3] Plaintiff alleges violations of the following provisions of the FDCPA: 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of (A) the character, amount, or legal status of any debt . . . ."); 15 U.S.C. § 1692e(11) (prohibiting "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector"); 15 U.S.C. § 1692g(a)(3)-(5) ("Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.").

[4] With regard to the FCCPA, the Complaint alleges a violation of § 559.72(9), which prohibits "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9).

prohibits debt collectors from attempting to enforce a debt that they know is illegitimate or asserting the existence of a legal right that they know does not exist. *Alvarado v. Featured Mediation, LLC*, No. 8:16-CV-3259-T-30JSS, 2017 WL 1552248, at *2 (M.D. Fla. May 1, 2017) (awarding $500 per TCPA violation, dismissing the FDCPA claim as time barred, and declining to award statutory damages under the FCCPA (citing Fla. Stat. § 559.72(9))).

Upon review of the allegations in the Complaint, the Court finds a sufficient basis to enter default judgment in Plaintiff's favor. In particular, Plaintiff's unopposed allegations state that Plaintiff is a consumer and alleged debtor who defaulted on an obligation to pay money to Defendant, a debt collector, for a voluntary transaction involving the provision of maintenance and upkeep services for Plaintiff's residence. ECF No. [1] ¶ 11. Defendant sent Plaintiff a collection letter, without disclosing that it was a debt collector, for the purpose of collecting a consumer debt. ECF No. [1] ¶¶ 27-33. Plaintiff further alleges that Defendant violated the FDCPA by, among other things, failing to provide timely disclosures and/or information required by 15 U.S.C. § 1692g(a)(3)-(5), (11). *Id.* ¶¶ 34-36, 40. Plaintiff alleges that because Defendant did not provide her with the required disclosures, she could not dispute the debt and believed that her "only option" was to pay the entire debt amount sought by Defendant "within (30) days of the date of the letter" otherwise the debt would be turned over to collection. *Id.* ¶ 45. Because Defendant failed to appear in this case, it has admitted the truth of these allegations by default. Moreover, after reviewing the Complaint, the Court finds Plaintiff's allegations to be well pled and sufficient to establish Defendant's liability for violations of the FDCPA and the FCCPA.

"Even though well-pleaded facts in the complaint are deemed admitted, 'plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.'" *Cain v. Consumers Sols. Grp., LLC*,

No. 2:16-CV-2031-VEH, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Evans v. Commercial Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 (11th Cir. 2005)).

Plaintiff also seeks statutory damages in the amount of $1,000.00 for Defendant's violations of the FDCPA and another $1,000.00 for its violations of the FCCPA. A consumer who brings a successful claim under the FDCPA or the FCCPA is entitled to an award of statutory damages in such an amount as the Court may allow, up to $1,000.00. 15 U.S.C. § 1692k; Fla. Stat. § 559.77(2). Likewise, under both statutes, "[t]he decision whether to award statutory damages . . . and the size of the award are matters committed to the sound discretion of the district court." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *9 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (quoting authority omitted).

"In the instant case, the nature and extent of Defendant's actions warrant the maximum award of statutory damages." *Smith v. Royal Oak Fin. Servs., Inc.*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290153, at *5 (M.D. Fla. June 18, 2012), *report and recommendation adopted*, No. 3:11-CV-543-J-34JRK, 2012 WL 3290151 (M.D. Fla. Aug. 13, 2012); *see also Sandler v. Michael Maxwell Grp., LLC*, No. 6:19-CV-1688-Orl-41GJK, 2019 WL 7461690, at *4 (M.D. Fla. Dec. 13, 2019) (recommending maximum statutory damages where "Plaintiff has established multiple

7

violations of the FDCPA and the FCCPA"), *report and recommendation adopted*, No. 6:19-CV-1688-Orl-41GJK, 2020 WL 42867 (M.D. Fla. Jan. 3, 2020); *Beltran v. First US Capital, LLC*, No. 8:17-CV-1722-T-33AAS, 2017 WL 5889755, at *2 (M.D. Fla. Nov. 29, 2017) (concluding that the numerous violations of the FDCPA warranted an award for the maximum amount of statutory damages); *Selby v. Christian Nicholas & Assocs., Inc.*, No. 3:09-CV-121-J-34JRK, 2010 WL 745748, at *3 (M.D. Fla. Feb. 26, 2010) (awarding $1000 in statutory damages based on the defendant's repeated improper actions in violation of the FDCPA).

Further, "by failing to respond to the instant Motion, Defendant declined the opportunity to challenge both the grant and the amount of the statutory award." *Figueroa v. Maximum Recovery Sols., Inc.*, No. 12-60098-CIV, 2012 WL 13134301, at *6 (S.D. Fla. Dec. 12, 2012); *see also Evans*, 2013 WL 12138555, at *1 ("Based on the Complaint's now admitted factual allegations and the record, the Court finds that Defendant . . . repeatedly and intentionally violated numerous provisions of the FDCPA, and that these violations were egregious. The Court therefore awards [the plaintiff] the full $1,000 in statutory damages."); *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (noting that "Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate"). "Upon review of the well-pleaded allegations in the [] Complaint, with specific consideration given to the frequency, persistence, and nature of the alleged violations," the Court concludes that Plaintiff should be awarded the full $2,000.00 in statutory damages. *Smith*, 2012 WL 3290153, at *5.

Regarding Plaintiff's request for attorneys' fees, the Court finds that the Motion fails to comply with the requirements of Local Rule 7.3(a) on the submission of the appropriate documentation in support of a request for fees and costs. Thus, this request is denied without

prejudice. To the extent that Plaintiff files an amended motion seeking attorneys' fees, paralegal fees, and costs, such a motion must be verified and must delineate: (1) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (2) the number of hours reasonably expended by each such timekeeper; (3) a description of the tasks done during those hours; and (4) the hourly rate(s) claimed for each timekeeper. *See* S.D. Fla. L.R. 7.3(a). Plaintiff should also properly describe and document with itemized invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920. *See id.*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [24]**, is **GRANTED in part and DENIED in part**.
2. Pursuant to Federal Rule of Civil Procedure 58, the Court will separately enter Final Default Judgment.
3. **By June 21, 2022**, Plaintiff may file an adequately supported amended motion for attorneys' fees and costs that complies with the Local Rules and includes sworn affidavit(s) specifying the hours worked, time records, the qualifications of each timekeeper and associated billing rates, and the total amount of attorneys' fees and costs requested. This motion must also include a memorandum of law with citations to relevant legal authority supporting the requested hourly rates, fees, and costs. Any further failure by Plaintiff to comply with the Local Rules will result in the denial of the motion without further notice.

Case No. 21-cv-62564-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Phoenix Management Services, Inc.
4800 North State Road 7 # 105
Lauderdale Lakes, FL 33319